CANDAL ET AL., DEMANDANTES-IMPUGNADORES-APELADOS, *v.* VARGAS ET AL., DEMANDADOS-IMPUGNADOS-APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre impugnación de elecciones.

No. 2430.—Resuelto en mayo 20, 1921.

IMPUGNACIÓN ELECTORAL — DESEMPEÑO DE LOS CARGOS DISPUTADOS MEDIANTE PRESTACIÓN DE FIANZA—TÉRMINO PARA PRESTACIÓN DE FIANZA.—No estando obligados los candidatos electos objeto de la impugnación electoral a prestar la fianza que señala la Ley de 1906 para poder desempeñar los cargos para que fueron elegidos, hasta el día 20 de enero de 1921, es preciso concluir que no estaban obligados a prestarla previamente para poder tomar posesión de los cargos el día 10 de enero de 1921, fecha fijada por la Ley Municipal para la instalación de los funcionarios elegidos en noviembre 2, 1920. Era después de enero 20, 1921, que los impugnados no podían continuar desempeñando sus cargos sin prestación de fianza, a menos que los impugnadores no la hubieran prestado dentro de los diez días fijados por la ley.

Los hechos están expresados en la opinión.

Abogado de los apelados: *Sr. R. Cuevas Zequeira.*

Abogados de los apelantes: *Sres. L. Feliú* y *J. Soto Rivera.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Según la Ley sobre Impugnación de Elecciones de 7 de marzo de 1916 los demandados pueden desempeñar los cargos que son objeto de impugnación si prestan fianza dentro de los

veinte días de haber sido notificados de la demanda, pudiendo en caso contrario prestarla los demandantes y ocupar los puestos controvertidos pero si no la prestan entonces los demandados tendrán derecho a continuar en ellos.

En este caso los demandados fueron notificados el 31 de diciembre de 1920 de la demanda en que se impugna su elección como miembros de la Asamblea Municipal de Fajardo, verificada el 2 de noviembre de 1920 y de acuerdo con la Ley Municipal las personas electas como miembros de la asamblea municipal deberían tomar posesión de sus cargos el 10 de enero de 1921.

Dos días antes de esa fecha los demandantes pidieron a la corte inferior que prohibiera a los demandados que tomaran posesión de sus cargos sin que prestaran la fianza a que se refiere la ley de impugnación de elecciones y habiéndolo decretado así la corte el mismo día sin audiencia de los demandados, éstos le pidieron luego que anulara esa orden y habiendo sido rechazada esta pretensión interpusieron contra dicha negativa el presente recurso de apelación.

Convenimos con los apelantes en que no habiendo transcurrido cuando la orden prohibitoria se dictó el plazo de veinte días concedido por la ley a los demandantes para prestar fianza con el fin de poder desempeñar los cargos para que fueron electos mientras se resuelve el pleito sobre impugnación, fué error de la corte inferior el prohibirles antes de vencer ese plazo que tomaran posesión de dichos cargos, pues no tenían obligación de tener constituída fianza para desempeñar los cargos durante esos veinte días. Lo que no podían hacer después de ese plazo era continuar en ellos sin fianza, a menos que los demandantes no la prestasen dentro de los diez días fijados por la ley.

Además, la demanda de impugnación de la elección de los demandados en que descansa la petición y la orden prohibitoria no aduce hechos determinantes de causa de acción

según hemos resuelto hoy entre las mismas partes de este recurso.

La resolución que negó la anulación de la orden de prohibición y también ésta deben ser revocadas.

*Revocada la resolución apelada y anulada la orden de* injunction *pendente lite.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.